UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
  THE CENTRAL ORTHOPEDIC GROUP,    :
  LLP,                                               :
                                             :
                          Plaintiff,    :    **<u>MEMORANDUM DECISION AND</u>**
                                             :    **<u>ORDER</u>**
       -against-                 :
                                           :    24-cv-7014 (BMC)
  AETNA LIFE INSURANCE COMPANY,    :
                                           :
                        Defendant.    :
------------------------------------------------------------ X

**COGAN**, District Judge.

       This case is before the Court on plaintiff's motion for reconsideration of this Court's

September 4, 2025 Memorandum Decision and Order granting defendant's motion to dismiss

plaintiff's ERISA claim.  See <u>Cent. Orthopedic Grp., LLP v. Aetna Life Ins. Co.</u>, No. 24-cv-

7014, 2025 WL 2549995 (E.D.N.Y. Sept. 4, 2025) (the "September 4 Decision").

       A detailed recounting of plaintiff's complaint is set forth in the Court's September 4

Decision.  In short, this is one of eight related cases that plaintiff, a healthcare provider, has

brought against defendant Aetna Life Insurance Company.  Plaintiff does not participate in

Aetna's health care plans, but has rendered services to patients who are Aetna's insureds.  Based

on the patients' having assigned their rights under the insurance policies to plaintiff, plaintiff

contends that Aetna is obligated to pay for the services rendered at Aetna's out-of-network rate.

       In the September 4 Decision, the Court found that plaintiff failed to state a claim under

ERISA because the insurance policies at issue contained an anti-assignment clause, rendering

ineffective the assignment of rights from the patients to plaintiff upon which plaintiff's ERISA

claim was based.  The Court held that plaintiff's conclusory assertions in the complaint that

typical communications between it and Aetna regarding the claims constituted a waiver of the anti-assignment clauses were legally insufficient to plausibly plead waiver.

Plaintiff now moves for reconsideration, arguing that this Court "ignored" that Aetna "treated [plaintiff] as an in-network provider in [Aetna's] health plan networks." Plaintiff also includes in this motion new information about Aetna's treatment of plaintiff as an in-network provider that was not included anywhere in the complaint.

Plaintiff is wrong in asserting that this Court did not consider plaintiff's contention that Aetna treated it as an in-network provider. In fact, the Court explicitly stated in the September 4 Decision that plaintiff's "only other allegation relating to waiver is that 'Aetna, through the years, in dealing with the claims at issue in this lawsuit, took the position that these were in-network claims. By consistently taking that position, Aetna has, at the very least, waived the applicability of the anti-assignment clauses.'" Cent. Orthopedic Grp., 2025 WL 2549995, at *3. Considering this allegation, and plaintiff's others, the Court found them deficient in two respects: first, they were "precisely the kind of conclusory statements that Ashcroft and Twombly direct courts to strip away when considering the plausibility of a claim," id., and second, all plaintiff had described was "the normal iterative process between a claimant and an insurance company. The mere participation in that process – even the partial payment of some claims – is not the intentional relinquishment of a contractual right that could give rise to a waiver." Id. (citations and footnote omitted).

Plaintiff has not pointed to any additional allegations in its complaint that change the above analysis. It instead asks this Court to read the allegation that Aetna "is contending that the Practice, some time ago, entered into an in-network participating provider agreement with Aetna" as indicating that Aetna waived the anti-assignment clauses. The Court has already

considered this argument in its September 4 Decision and rejected it, especially in light of the allegations that follow, which explain all of the ways Aetna did not treat plaintiff like an in-network provider.  Having pointed to no "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and quotation omitted), plaintiff has not provided this Court with any basis to grant its motion for reconsideration.

Nor can plaintiff introduce new allegations, previously available to it, to argue for reconsideration.  See Walker v. City of New York, No. 12-cv-840, 2012 WL 6563044, at *3 (E.D.N.Y. Dec. 17, 2012) ("[A] motion for reconsideration is not a vehicle to offer additional support for an argument rejected previously by the Court." (internal quotation marks and quotation omitted)).  Plaintiff's motion for reconsideration is therefore denied.

In turn, the Court must address the remaining state-law claims. The supplemental jurisdiction statute allows the Court to decline to exercise supplemental jurisdiction over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004) ("if [all] federal claims are dismissed before trial . . . the state claims should be dismissed as well" (internal quotation marks and quotation omitted)).  Such is the case here, and the Court dismisses plaintiff's state-law claims without prejudice.

**SO ORDERED.**

_____
*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
      October 15, 2025